UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO.: 8:20-CR-164-MSS-JSS |
| | : | |
| LUIS HERNANDO TORRES-HURTADO | : | |
| _____ | : | |

## DEFENDANT LUIS HERNANDO TORRES-HURTADO'S SENTENCING MEMORANDUM

COMES NOW, the Defendant, LUIS HERNANDO TORRES-HURTADO, by and through his undersigned counsel, and files this his sentencing memorandum and in support states as follows:

### Introduction

On August 11, 2021 at 1:30 pm, the Defendant, will stand in judgment before this Honorable Court for those crimes he committed - and for those crimes he has accepted full responsibility for committing. The Defendant nor his counsel will minimize the negative effect the Defendant's criminal conduct has had and will continue to have upon the community in which he lives and the communities throughout the United States of America, this Honorable Court, the government, state and federal law enforcement agencies, his family, his friends, and himself.

The Defendant will allocate and blame only himself.

The possession and distribution of large amounts of cocaine is a plague on society and a serious crime – because the American appetite for getting high is never ending. No one will argue otherwise in this memorandum or in open court during sentencing. The Defendant will stand before this Honorable Court at sentencing with full remorse in his head and heart and complete acceptance for what he has done. Sentencing will most certainly be a difficult day for the Defendant, his family, and his friends, which will only be made worse because they are thousands of miles away.

However, the Defendant also offers this sentencing memorandum in mitigation of his criminal conduct to assist this Honorable Court in fully assessing the Defendant so that it may reach a sentence that is sufficient but not greater than necessary under law.

**I.  Presentence Investigation Report**

Undersigned counsel and the Defendant have no objections to the factual accuracy of the pre-sentence investigation report.

Undersigned counsel and the Defendant have one objection to the legal accuracy of the pre-sentence investigation report.

This legal objection is covered in detail in CM/ECF Document 122, pages 17 through 19.

## II. Sentencing Process

In order to arrive at a sentence that is sufficient but not greater than necessary, and to comply with the purposes set forth in paragraph two of Title 18 United States Code Section 3553(a), the Defendant understands this Honorable Court will first calculate the Defendant's federal sentencing guideline sentence range, next consider any departures based on the criteria set forth in the federal sentencing guidelines from Sections 5K1.1 to 5K3.1, and, finally, consider whether the sentence imposed should be different from either the federal sentencing guideline sentence or the departure sentence (if any), after considering the factors set forth in 18 United States Code Section 3553(a).

- As indicated above, the advisory federal sentencing guideline range as calculated by United States Probation is accurate.
- The parties do not expect any departures in the federal sentencing guidelines resulting from Sections 5K1.1 to 5K3.1 at sentencing.
- In this submission, the Defendant posits there is a basis for a downward variance.

## III. Downward Variance Request

Regardless of the above legal objection, this Honorable Court should vary downward to the lowest possible sentence allowed by law. The factual basis for this request is set forth in greater detail in the next section.

There is no doubt the Defendant committed the crimes charged in the indictment. After his arrest and indictment, the Defendant waived his right to trial and timely pled guilty. The Defendant knows, and most importantly accepts, that now is the time that he must be punished for his criminal actions. But as this Honorable Court certainly knows better than anyone, a federal sentencing is not designed to punish alone.

If so, there would be no need for a presentence investigation report, sentencing submissions by the parties and a sentencing hearing with argument and allocution. Instead, this Honorable Court would simply read the presentence investigation report's section on the federal sentencing guideline range and via written order impose an imprisonment sentence between 135 months and 168 months. It would be quick and painless and expedient - for everyone but the Defendant. It would be like 2004 and prior all over again. But the Defendant, like all other federal defendants waiting to see how much of their lives will be taken away, is exactly the person for whom an individualized sentencing is designed.

It is the Defendant's belief that a guideline imprisonment sentence is unreasonable and offers the following in support of his request for a downward variance.

Title 18 United States Code Section 3553(a)

The Title 18 United States Code Section 3553(a) factors that a sentencing judge must take into equal consideration to the federal sentencing guidelines are as follows:

- The nature and circumstances of the offense and the history and characteristics of the defendant; 18 United States Code Section 3553(a)(1); and

- The need for the sentence imposed; 18 United States Code Section 3553(a)(2); and

    - to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

    - to afford adequate deterrence to criminal conduct.

    - to protect the public from further crimes of the defendant.

    - to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

- The kinds of sentences available; 18 United States Code Section 3553(a)(3); and

- The need to avoid unwarranted disparity among defendants with similar records and similar crimes; 18 United States Code Section 3553(a)(6); and

- The need to provide restitution to any victims of the offense. 18 United States Code Section 3553(a)(7).

## Legal Precedent

Prior to the United States Supreme Court decisions in *United States v. Booker*, 543 U.S. 220, 245-67 (2005), *Rita v. United States*, 127 S.Ct. 2456 (2007), *Kimbrough v. United States*, 128 S.Ct. 558 (2007), and *Gall v. United States*, 552 U.S. 38, 53 (2007), the federal sentencing guidelines were mandatory, not advisory, on a federal sentencing judge. As we all know, because of the above cases, the federal sentencing guidelines are now advisory in nature and equal in weight to the Title 18 United States Code 3553(a) factors.

Undersigned counsel is aware this Honorable Court is well-versed in this area of the law and will now move forward in this sentencing memorandum to an application of fact and law analysis as a result.

Based upon his criminal conduct and criminal history, the Defendant's accurately calculated federal sentencing guideline range results in a certain imprisonment range buttressed by a minimum mandatory term of ten years. The guideline range should be disregarded.

Here is why.

There is no deterrence in the world that will stop destitute individuals from South American countries from leaving their families behind, boarding flimsy

boats bound north, with the hope of not getting caught by law enforcement or dying fast - or even worse dying slow - at sea to deliver narcotics to a wealthy country full of people who will literally never stop in their quest to get high.

Undersigned counsel has been representing federal defendants accused of 'boat case' crimes for one year short of two decades. It is typical undersigned counsel is asked to defend two 'boat case' defendants per year. Initially it was very interesting. A small band of mostly strangers leaving from countries run by the most violent and dangerous of the world's drug traffickers, on raggedy speed boats or large vessels, in some instances with literally tons of cocaine on board. After handling a few of these 'boat cases' however, most defense practitioners undergo a metamorphosis of sorts – from initial excitement to resigned sadness.

This is because we all know now that it is all a sort of pre-programmed, fixed, game with a set rules. Rule Number One: The first defendant to flip receives a substantial assistance motion and gets a somewhat reasonable sentence between seven and nine years. Rule Number Two: The remaining defendants receive 120 months to 135 months. Rule Number Three: Unless one of them happens to be the captain, in which case the sentence is always 168 months. It is so automatic that undersigned counsel knows which judges will impose the minimum mandatory of 120 months instead of 135 months, and which judges will always impose 135 months. This is not the result of some secret knowledge; all lawyers in our building

know these unwritten rules. Sentencing is not supposed to be pre-ordained in federal court but if we are intellectually honest with ourselves, we would acknowledge that boat case sentencing most certainly are.

This is the Defendant's reality. Another poor young man from a faraway land, with no future and no hope from birth, who dropped out of school at age seven, *age seven*, to support his family stands before this Honorable Court awaiting a pronouncement of how much of his life will be taken away. The Defendant will not receive a substantial assistance motion because undersigned counsel was not the first to contact the government about a debriefing. This was not for a lack of trying. Undersigned counsel's practice is to email the assigned prosecutor to schedule a debriefing the moment he is appointed. This practice nearly always happens *prior* to the client's first appearance.

In this instance it was not good enough. In this case undersigned counsel learned through email from prior government counsel that a substantial assistance motion was not forthcoming because one of his co-defendants beat the Defendant to the punch, even though the government believes the Defendant was truthful in his cooperation (as evidenced by his receiving a two-level safety valve reduction). Why the policy is the first defendant in the door - and not that every defendant who truthfully debriefs receives a substantial assistance motion is lost on the

undersigned. Instead, it is a race to be first and, in this instance, during a pandemic no less, the Defendant was not fast enough because his lawyer was not fast enough.

This is justice?

**IV.	Sentencing Position**

The issue therefore before this Honorable Court is whether a sentence within the federal sentencing guideline range of at least 135 months to 168 months in federal prison is sufficient but not greater than necessary to comply with the law.

Once this Honorable Court calculates the Defendant's final offense level under the advisory federal sentencing guidelines, based on the criteria set forth in the federal sentencing guidelines from Sections 5K1.1 to 5K3.1, and then considers whether the sentence imposed should be different from either the federal sentencing guideline sentence or the departure sentence (if any), and after considering the factors set forth in 18 United States Code Section 3553(a), the Defendant respectfully suggests a sentence within the advisory federal sentencing guideline range of 135 months to 168 months in federal prison is greater than necessary to comply with the law and therefore is not reasonable.

**V.	Conclusion**

And here we are. The Defendant's plea has been accepted by this Honorable Court. Sentencing memorandums have been filed and arguments in aggravation and mitigation are prepared. The delays attributed to the pandemic have passed.

What had to be done is finally done. The Defendant now awaits his fate. However, it cannot be overstated that from the moment of his arrest to the present day, the Defendant did what he could to shape his fate in a positive way. This is exampled by his accepting responsibility by pleading guilty, thereby saving government and judicial resources during a pandemic, and the legal objection and mitigation he has brought forth to this Honorable Court.

The Defendant is going to federal prison. No one, including the Defendant, is under any illusion otherwise. The only issue left for this Honorable Court is for how long. How much time is enough time for a person who has never once served a minute in any prison, state or federal, in any country? For a person who intended to yes, assist in bringing a lot, *a lot*, of cocaine into the United States but was never going to share in the immense profits of such a venture? For a person who is thousands of miles away from his family and relies on undersigned counsel to place a nominal amount of money in his commissary so that he could make a call every now and then to hear their voices? Who once ate two meals a day at best? Who dropped out of school at age seven to work because it was expected – *at age seven?*

The last remaining issue before this Honorable Court is whether a sentence within the federal sentencing guideline imprisonment range of approximately 4,050 days to 5,040 days in federal prison is sufficient but not greater than

necessary to comply with the law.[1] The Defendant posits not as much as the government or the advisory federal sentencing guidelines thinks.

---

[1] 4,050 days to 5,040 days is roughly equivalent to 135 months to 168 months based upon a final offense level of 33 and a criminal history category of I. Lawyers often toss around the low-end and high-end monthly range of imprisonment numbers at sentencing as if it is not an actual period of time. It is. Time that matters because it is time away from loved ones. Time away from friends. And time away from the greatest attribute of American life: freedom. While the Defendant has earned his loss of freedom in this case, undersigned counsel discussed the Defendant's proposed sentence in terms of days to remind himself of how significant the prison exposure is in this case. The Defendant, like all other defendants, matters. Luis Hernando Torres-Hurtado is a real person. He is not just a case number or just another 'boat case'.

## CONCLUSION

WHEREFORE, the Defendant, LUIS HERNANDO TORRES-HURTADO, by and through his undersigned counsel respectfully requests this Honorable Court will grant the requested relief/and or any other relief deemed necessary.

    Respectfully submitted,

    By: /s/ Mark J. O'Brien
    Mark J. O'Brien, Esquire
    Florida Bar No.: 0160210
    511 West Bay Street
    Suite 330
    Tampa, Florida 33606
    D:    (813) 228-6989
    E:    mjo@markjobrien.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on August 9, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to all counsel of record.

By: /s/ Mark J. O'Brien<br>
Mark J. O'Brien, Esquire